| | |
|---|---|
| 1 | **BURSOR & FISHER, P.A.**<br>Scott A. Bursor (State Bar No. 276006) |
| 2 | L. Timothy Fisher (State Bar No. 191626)<br>Annick M. Persinger (State Bar No. 272996) |
| 3 | Yeremey O. Krivoshey (State Bar No. 295032)<br>1990 North California Blvd., Suite 940 |
| 4 | Walnut Creek, CA 94596<br>Telephone: (925) 300-4455 |
| 5 | Facsimile: (925) 407-2700<br>E-Mail:  scott@bursor.com |
| 6 |    ltfisher@bursor.com<br>   apersinger@bursor.com |
| 7 |    ykrivoshey@bursor.com |
| 8 | *Attorneys for Plaintiff* |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK BROWN, on Behalf of Himself and all Others Similarly Situated,<br><br>     Plaintiff,<br> v.<br><br>DIRECTV, LLC,<br><br>     Defendant. | Case No. 5:16-cv-00263<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Malik Brown ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to his own actions are based on personal knowledge.

## NATURE OF THE ACTION

1. Between December 29, 2015 through January 1, 2016, Defendant DirecTV, LLC, ("DirecTV" or "Defendant") or its agents called Mr. Brown's cellular telephone several times using an automatic telephone dialing system and/or artificial or prerecorded voice without his prior express written consent.

2. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of DirecTV in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## PARTIES

3. Plaintiff Malik Brown is, and at all times mentioned herein was, a resident of Ontario, California and a citizen of the State of California.

4. Defendant DirecTV, LLC, is a Delaware corporation with its principal place of business at 2260 E Imperial Hwy, El Segundo, CA 90245. Defendant is a direct broadcast satellite service provider and broadcaster.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendant; and (c) the claims of the proposed class members

exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28 U.S.C. § 1332(d)(2) and (6).

6. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

7. Venue is proper in this Court under 28 U.S.C. § 1391 because Plaintiff and Defendant reside in this District, Defendant transacts significant business within this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.  The Telephone Consumer Protection Act Of 1991**

8. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. Among other things, the TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . ."

10. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

11. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual.  2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

### B. Defendant's Robocalls to Plaintiff and Class Members

12. Prior to the calls at issue in this action, Plaintiff never had any contact with Defendant. Plaintiff has never consented in writing, or otherwise, to receive autodialed calls from Defendant to his cellphone. Plaintiff has never provided Defendant with his telephone number.

13. Defendant called Plaintiff's cellphone number using an autodialer and/or a prerecorded voice in violation of the TCPA from the following numbers: (800) 519-1823 and (800) 531-5000. None of Defendant's calls made to Plaintiff's cellphone were made for emergency purposes.

14. All telephone contact by Defendant to Plaintiff on his cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1).

15. There are numerous online consumer complaints from people who never sought Defendant's services, but who, like Plaintiff, were nonetheless bombarded with unsolicited telemarking calls from Defendant:

  a. It is direct TV and I do not have an accnt w/ them. They call and put you on hold to take a wrong # call. I have had about 10 calls now. Also, I have called and told them wrong # wrong person on numerous occassions. I started writing down their reps names and their promises of calls to stop.[1]

  b. I don't know. I never ordered Direct TV, and if it was Direct TV, I'd immediately cancel after getting called at 9 a.m. of a Sunday.[2]

  c. "I get these calls and I am NOT a DirectTV customer. At this rate I will NEVER be a DirectTV customer. Not only that, they keep changing the

---

[1] http://phoneowner.info/Number.aspx/8005191823
[2] http://whocallsme.com/Phone-Number.aspx/8005191823

number they call from to get around the number blocking. I wonder if we can do a class-action suit to stop these calls.[3]

16. Indeed, Defendant has a history of calling persons cellphones using autodialers and prerecorded messages without their prior express written consent. For example, in 2005, Defendant paid a $5.3 million penalty to the Federal Trade Commission for paying telemarketing firms to call potential customers listed on the national Do Not Call Registry.[4]

17. In 2009, Defendant again agreed to pay $2.31 million to settle charges with the Federal Trade Commission that it made more than 1 million calls to its customers who had placed themselves on a Do Not Call list.[5]

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

19. Plaintiff proposes the following Autodialer Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone line; (c) made by or on behalf of Defendant; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

20. Collectively, all these persons will be referred to as the "Autodialer Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to

---

[3] https://www.everycaller.com/phone-number/1-802-503-1357/
[4] http://money.cnn.com/2005/12/13/news/fortune500/ftc_directv/?cnn=yes
[5] http://articles.latimes.com/2009/apr/17/business/fi-donotcall17

whom this action is assigned and any member of such Judges' staffs and immediate families.

21. Plaintiff does not know the exact number of members in the proposed Class, but reasonably believes based on the scale of Defendant's business, and the number of online complaints, that the Class is so numerous that individual joinder would be impracticable.

22. Plaintiff and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

23. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed Class can be identified easily through records maintained by Defendant.

24. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes. Those common question of law and fact include, but are not limited to, the following:

    a. Whether Defendant made telephone calls to class members using an autodialer without their prior express written consent;

    b. Whether Defendant made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

    c. Whether Defendant's conduct was knowing and/or willful;

    d. Whether Defendant is liable for damages, and the amount of such damages, and

   e. Whether Defendant should be enjoined from engaging in such conduct in the future.

25. As a person who received numerous and repeated calls on his telephone using an autodialer and/or an artificial or prerecorded voice, without his prior express written consent, Plaintiff asserts claims that are typical of each member of the Class. Plaintiff will fairly and adequately represent and protect the interests of the proposed Class, and has no interests which are antagonistic to any member of the proposed Class.

26. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

27. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendant to comply with the TCPA. The interest of the members of the proposed Class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

28. Defendant has acted on grounds generally applicable to the proposed Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION
### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

29. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

30. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

31. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

32. Plaintiff and members of the proposed Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

33. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

### SECOND COUNT
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

34. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

36. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the Class are entitled to an award of $500.00 in statutory damages

for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

37. Plaintiff and members of the proposed Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

38. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Class the following relief against Defendant:

a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed Class;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the classes;

f. Such other relief as the Court deems just and proper.

# DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  February 10, 2016                Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Yeremey Krivoshey*
        Yeremey Krivoshey

Scott A Bursor (State Bar No. 276006)
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No.295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email: scott@bursor.com
            ltfisher@bursor.com
            apersinger@bursor.com
            ykrivoshey@bursor.com

*Attorneys for Plaintiff*