Becca J. Wahlquist (SBN 215948)
bwahlquist@swlaw.com
SNELL & WILMER L.L.P.
350 South Grand Avenue, Suite 3100
Los Angeles, California 90071
Telephone: 213.929.2500
Facsimile: 213.929.2525

Attorneys for Defendant
DIRECTV, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK BROWN, on behalf of himself and all others similarly situated, | Case No. 5:16-cv-00263-DMG-(Ex) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| DIRECTV, LLC, | |
| Defendant. | |

4821-6457-6104

STIPULATED PROTECTIVE ORDER 5:16-CV-00263-DMG-(EX)

Case 5:16-cv-00263-DMG-E    Document 29-1    Filed 06/08/18    Page 2 of 18    Page ID #:161

## 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, statutorily protected customer information or other private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.[1] The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Central District Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

---

[1] DIRECTV maintains that it has special obligations to protect personally identifiable information of its subscribers pursuant to the Satellite Television Extension and Localism Act of 2010 ("STELA") (previously the Satellite Home Viewer Extension and Reauthorization Act of 2004 ("SHVERA")), codified at 47 U.S.C. § 338(i) (2010), as well as other applicable laws protecting privacy, including but not limited to the Constitution of the State of California. Thus, in entering into this Stipulated Protective Order with Plaintiff, which will pertain to information DIRECTV produces as "CONFIDENTIAL", DIRECTV expressly reserves, and does not waive, its contention that it must comply with these consumer privacy laws.

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

Case 5:16-cv-00263-DMG-E   Document 29-1   Filed 06/08/18   Page 3 of 18   Page ID #:162

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action. In the event Plaintiff desires to retain an Expert who is a past or current employee of a Party or of a Party's competitor, or at the time of retention, is anticipated to become an employee of a Party or a Party's competitor, Plaintiff shall meet and confer with DIRECTV to request DIRECTV's agreement that Plaintiff may disclose Protected Material to such Expert before disclosing such material. DIRECTV shall not unreasonably withhold its agreement to such disclosure.

2.7 In-House Counsel: attorneys who are employees of a party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and

4821-6457-6104

STIPULATED PROTECTIVE ORDER
5:16-CV-00263-DMG-(EX)

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including, becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source

4821-6457-6104

STIPULATED PROTECTIVE ORDER
5:16-CV-00263-DMG-(EX)

who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. The Designating Party will not designate documents as "CONFIDENTIAL" in a mass, indiscriminate, or routinized manner. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

4821-6457-6104

STIPULATED PROTECTIVE ORDER
5:16-CV-00263-DMG-(EX)

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. For electronically produced materials, the designation of a file or documents as "CONFIDENTIAL" in the title of the document, or by annotation on a produced CD containing the document, will be sufficient to mark the contents of that file or document as CONFIDENTIAL in its entirety. Where feasible, if only a portion or portions of the material on a page qualifies for protection, the Producing Party may make a good faith effort to identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") to each page that contains Protected Material. Where feasible, if only a portion or portions of the material on a page qualifies for protection, the Producing Party may make a good faith effort to

4821-6457-6104

STIPULATED PROTECTIVE ORDER
5:16-CV-00263-DMG-(EX)

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and specify, for each portion, the level of protection being asserted.

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL." The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL." Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

4821-6457-6104

STIPULATED PROTECTIVE ORDER
5:16-CV-00263-DMG-(EX)

Case 5:16-cv-00263-DMG-E   Document 29-1   Filed 06/08/18   Page 8 of 18   Page ID #:167

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The parties recognize that they are obligated under Central District Local Rule 37-1 to Meet and Confer over any discovery-related dispute, such as a contested designation of Confidentiality.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the parties shall follow the provisions contained in Central District Local Rule 37-2 to construct the moving papers and shall comply with the time frames outlined therein to present their dispute to the Court. The parties will

4821-6457-6104

-7-

STIPULATED PROTECTIVE ORDER
5:16-CV-00263-DMG-(EX)

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

Case 5:16-cv-00263-DMG-E    Document 29-1    Filed 06/08/18    Page 9 of 18    Page ID #:168

also follow any Standing Orders of the Court in preparing and presenting this dispute.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

4821-6457-6104

STIPULATED PROTECTIVE ORDER
5:16-CV-00263-DMG-(EX)

(b)   the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the court and its personnel;

(e)   court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)   any mediator who is engaged to assist the Parties in settlement negotiations, provided that, before any disclosure is made, she/he must execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

**8.    PROTECTED MATERIAL, SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

4821-6457-6104

STIPULATED PROTECTIVE ORDER
5:16-CV-00263-DMG-(EX)

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

4821-6457-6104

STIPULATED PROTECTIVE ORDER
5:16-CV-00263-DMG-(EX)

1.    follow any contractual notice requirements that may exist between the Party and the Non-Party that pertain to the disclosure of Non-Party's confidential information;

2.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

3.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

4.    if required by contract or other agreement, make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 30 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

Case 5:16-cv-00263-DMG-E   Document 29-1   Filed 06/08/18   Page 13 of 18   Page ID #:172

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent disclosure of protected communications or information shall not constitute a waiver of any privilege or other protection (including work product) for the protected communications or information or the subject matter of the protected communications or information if the producing party took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error in the event of an inadvertent disclosure. The producing party will be deemed to have taken reasonable steps to prevent communications or information from inadvertent disclosure if the producing party utilized attorney review, keyword search term screening, and/or linguistic tools in screening for privilege, work product or other protection. In the event of the inadvertent disclosure of communications or information, the producing party shall be deemed to have taken reasonable steps to rectify the error of the disclosure if, within thirty (30) calendar days from the date that the inadvertent disclosure has been realized, the producing party notifies the receiving party of the inadvertent disclosure and instructs the receiving party to return promptly all copies of the inadvertently produced communications or information (including any and all work product containing such communications or information).

## 12. MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

4821-6457-6104

STIPULATED PROTECTIVE ORDER
5:16-CV-00263-DMG-(EX)

12.2 **Right to Assert Other Objections.** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 **Filing Protected Material.** Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Central District Local Rule 79-5.

## 13. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that: (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials reference Protected Material. Any such archival copies that contain

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION) until they are destroyed and a copy of this Protective Order shall be kept in the same files with such archival documents.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Respectfully submitted,

Dated:    June 8, 2018

By: /s/ Yeremey Krivoshey
Yeremey Krivoshey

BURSON & FISHER, P.A.
1990 N. California Blvd, Suite 940
Walnut Creek, CA 94596
Telephone (925) 300-4455
Facsimile: (925) 407-2700

*Attorneys for Plaintiff*

Dated:    June 8, 2018

By: /s/ Becca Wahlquist
Becca Wahlquist

SNELL & WILMER L.L.P.
350 South Grand Avenue, Suite 3100
Los Angeles, California  90071
Telephone:  213.929.2500
Facsimile:   213.929.2525

*Attorneys for Defendant*

## SIGNATURE CERTIFICATION

Pursuant to L.R. 5-4.3.4(a)(2)(i), I, Becca Wahlquist, hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing content and have authorized its filing.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: June 8, 2018

SNELL & WILMER L.L.P.

By: /s/ Becca Wahlquist
Becca Wahlquist

4821-6457-6104

STIPULATED PROTECTIVE ORDER
5:16-CV-00263-DMG-(EX)

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
TWO CALIFORNIA PLAZA,
LOS ANGELES, CALIFORNIA 90071

\* \* \* \* \*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 6/8/18

The Honorable Charles F. Eick
United States Magistrate Judge

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

Case 5:16-cv-00263-DMG-E    Document 30    Filed 06/08/18    Page 17 of 18    Page ID
#:194
Case 5:16-cv-00263-DMG-E    Document 29-1    Filed 06/08/18    Page 17 of 18    Page ID #:176

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Malik Brown v. DIRECT, LLC,* Case No. 5:16-cv-002632-DMG-(Ex). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

4821-6457-6104

STIPULATED PROTECTIVE ORDER
5:16-CV-00263-DMG-(EX)

# PROOF OF SERVICE

I, Joan MacNeil, declare as follows:

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to this action. My business address is Snell & Wilmer L.L.P., 350 S. Grand Avenue, Suite 3100, Los Angeles, California 90071.

On June 8, 2018, I served a copy of the document(s) described as **STIPULATED PROTECTIVE ORDER** on the interested parties in this action addressed as follows:

☒   by transmitting such document(s) electronically via the Central District of California's CM/ECF system, to the persons at the electronic mail addresses listed below.

Lawrence Timothy Fisher
Yeremey O Krivoshey
Bursor and Fisher, P.A.
1990 N. California Blvd., Suite 940
Walnut Creek, CA  94596

Attorneys for Plaintiff Malik Brown
Tel.:   925-300-4455
Fax:   925-407-2700
Email: ltfisher@bursor.com
          ykrivoshey@bursor.com

Scott A Bursor
Bursor and Fisher, P.A.
888 Seventh Avenue
New York, NY  10019

Attorneys for Plaintiff Malik Brown
Tel.:   212.989.9113
Email: scott@bursor.com

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on June 8, 2018, at Los Angeles, California.

/s/ Joan MacNeil
_____
Joan MacNeil

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

4821-6457-6104

- 17 -

STIPULATED PROTECTIVE ORDER
5:16-CV-00263-DMG-(EX)